UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SAKAGUCHI, Guardian for minor MJS,<br><br>Plaintiff,<br><br>v.<br><br>HIGH TECH HIGH, et al.,<br><br>Defendants. | Case No.: 18cv2830-LAB (BLM)<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER** |

The Court ordered Plaintiff James Sakaguchi to show cause no later than noon today why his motion for a temporary restraining order (TRO) should not be summarily denied because it appears that California charter schools are not state actors for purposes of 28 U.S.C. § 1983. If Sakaguchi has no federal claim, the Court would not exercise supplemental jurisdiction over his state law claim. Because his motion represented that each day the student, MJS, was kept out of school amounted to a continuing irreparable harm, the Court also directed him to explain what High Tech High's vacation schedule was. He has now filed a response.

/ / /

/ / /

1

18cv2830-LAB (BLM)

In order to obtain a TRO, a party must, among other things, show a likelihood of success on the merits, and a likelihood of irreparable harm if relief is not granted. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Under Fed. R. Civ. P. 65(b), a TRO can be issued without the adverse party's being given notice and an opportunity to be heard only if the movant clearly shows that immediate and irreparable injury will result. Otherwise, notice is required before a preliminary injunction can be granted. Fed. R. Civ. P. 65(a)(1). Sakaguchi's response says that tomorrow, December 21, 2018,[1] is the last day of school this year, and classes will resume on January 8. At the earliest, a TRO could be issued tomorrow, which means that MJS will be out of school until January 8, regardless of the outcome of this motion.

The response suggests that the situation is more urgent, however, because an expulsion hearing is scheduled for today at 1:00 p.m. This, however, makes a TRO even less appropriate. At the hearing, MJS might be afforded the procedural rights he now seeks. He might also be cleared of the disciplinary charges and the suspension lifted. Either of these circumstances would moot the need for a TRO, and possibly for other relief. He might also be expelled, which would change the nature of the claim.

The TRO Motion is **DENIED** without prejudice. If, in Sakaguchi's view, preliminary injunctive relief is still needed and appropriate after the expulsion hearing, he may file a motion seeking it. It should be filed on an *ex parte* basis (without first obtaining a hearing date) no later than **December 27, 2018**. Because Sakaguchi has already filed a response to the Court's order to show cause, he

---

[1] The response actually says the hearing is to be held on December 21, but its reference to the hearing being "today" and on "Thursday," along with the erroneous reference to December 20 being "yesterday" and "Wednesday" make clear that this is a scrivener's error, and the correct hearing date is today, Thursday, December 20.

need not separately brief the jurisdictional issue in any preliminary injunction motion that he files, but may incorporate by reference the response he has already filed.

Assuming Sakaguchi files a motion for preliminary injunction by December 27, Defendants shall file a response by **January 3, 2019**. In addition to any other arguments Defendants wish to make, they should address the jurisdictional concerns the Court addressed in its order to show cause.

As soon as practical after the completion of today's expulsion hearing, but no later than **10:00 a.m. tomorrow, December 21**, Plaintiff's counsel shall file a short notice stating the outcome of hearing. Defendants' counsel may file their own short notice as well, if they wish, subject to the same deadline. These notices are to be factual, not argumentative, and must not exceed two pages. If no preliminary relief is needed, Plaintiff's notice should so state.

**IT IS SO ORDERED**.

Dated: December 20, 2018

_____
Hon. Larry Alan Burns
United States District Judge